UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Mario Alberto AGUILAR-Zuniga<br><br>Defendant. | Magistrate Case No. 08 MJ 2345<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1326<br>Attempted Entry After<br>Deportation (Felony)<br><br>Title 18, U.S.C., Section 1546(a)<br>Fraud and Misuse of Visas, Permits,<br>and Other Documents (2 Counts) (Felony) |

The undersigned complainant being duly sworn states:

### Count 1

On or about June 15, 2008, within the Southern District of California, defendant **Mario Alberto AGUILAR-Zuniga**, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Ysidro Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

### Count 2

On or about August 21, 2003, within the Special Maritime and Territorial Jurisdiction of the United States, defendant **Mario Alberto AGUILAR-Zuniga**, did knowingly make a false statement with respect to a material fact in the application for a U.S. Visa; to wit, defendant presented and subsequently executed an application for a Border Crossing Card (DSP-150 Non-Immigrant Visa) at the United States Consulate, Tijuana, Mexico and failed to disclose his previous arrest, felony conviction, and deportation from the United States to Mexico; in violation of Title 18 United States Code, Section 1546(a).

1

## Count 3

On or about June 15, 2008, within the Southern District of California, defendant **Mario Alberto AGUILAR-Zuniga**, knowingly used or attempted to use a Border Crossing Card (DSP-150-Non-Immigrant Visa), knowing that it had been procured by fraud or by means of any false claim or statement, or to have otherwise been procured by fraud or unlawfully obtained; to wit, defendant presented Border Crossing Card number TJT000500099, issued to him on August 21, 2003, in applying for entry into the United States at the San Ysidro Port of Entry; in violation of Title 18, United States Code, Section 1546(a).

_____
SIGNATURE OF COMPLAINANT
Alfredo Loperena, Enforcement Officer
U.S. Customs and Border Protection

Sworn to before me and subscribed in my presence this **31st** day of **July, 2008**.

_____
UNITED STATES MAGISTRATE JUDGE

TKM

## STATEMENT OF FACTS

On June 15, 2008, at approximately 1230 hours Defendant presented himself for inspection before a Department of Homeland Security, Customs and Border Protection (CBP) Officer at the San Ysidro Port of Entry. Defendant was the driver of a Chevrolet Silverado. Defendant presented a Border Crossing Card (Form DSP-150 Non-Immigrant Visa) number TJT000500099 to a CBP Officer. Defendant stated he was going to the Swap Meet in San Ysidro, California. The vehicle was referred to secondary inspection where 146.41 pounds/66.55 kilograms of marijuana was discovered within a non-factory compartment located in the bed of the vehicle. Defendant was interviewed by Immigration and Customs Enforcement Special Agents and subsequently admitted to being paid $3,000.00 to drive the vehicle containing concealed drugs (a drug trafficking crime is defined in 18 USC 929).

Defendant was arrested and charged with possession of marijuana for sale, and transportation of marijuana. Defendant was paroled into the United States to the custody of Immigration and Customs Enforcement pursuant to section 212(d)(5) of the Immigration and Nationality Act. Defendant was booked into the San Diego County Jail pending state of California criminal proceedings. On July 27, 2008, Defendant plead guilty to one felony count of Possession of Marijuana for Sale in San Diego County. Defendant was sentenced to 146 days in county jail and 3 years of summary probation.

Immigration records reveal Defendant has been previously deported from the United States on November 1, 1996, by an Immigration Judge, and was physically removed from the United States on the same day through the San Ysidro Port of Entry. Immigration records contain no evidence that Defendant has applied for, or received permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security to legally re-enter the United States.

U.S. Department of State Diplomatic Security Services (DSS) was contacted and subsequently provided a copy of the application (DS-156) for Border Crossing Card number TJT000500099. Review of the document shows that the DS-156, bearing the name Mario Alberto AGULIAR ZUNIGA, DPOB 4/23/1974, Mexico and a photograph of Defendant, was executed on August 21, 2003, at the United States Consulate Annex, Tijuana Processing Facility, located in Mexicali, Baja California, Mexico.

U.S. Department of State Form DS-156 Nonimmigrant Visa Application Section 38, question number one asks, "Have you ever been arrested or convicted for any offense or crime, even though subject of a pardon, amnesty or other similar legal action? Have you ever unlawfully distributed or sold a controlled substance (drug), or been a prostitute or procurer for prostitutes?" The question was marked "No." California Superior Court records indicate Defendant has a felony conviction in Los Angeles, California in 1992.

Continuation of Statement of Facts
U.S. v. Mario Alberto AGUILAR-Zuniga

U.S. Department of State Form DS-156 Nonimmigrant Visa Application Section 38, question number two asks, "Have you ever been refused admission to the U.S., or been the subject of a deportation hearing or sought to obtain or assist others to obtain a visa, entry into the U.S., or any other U.S. immigration benefit by fraud or willful misrepresentation or other unlawful means? Have you attended a U.S. public elementary school on student (F) status or a public secondary school after November 30, 1996 without reimbursing the school?" The question was marked "No." Defendant's immigration records indicate Defendant was deported from the United States on or about November 01, 1996.

U.S. Department of State Form DS-156 Nonimmigrant Visa Application Section 38, question number four asks, "Have you ever violated the terms of a U.S. visa, or been unlawfully present in, or deported from, the United States?" The question was marked "No." Immigration records indicate Defendant was ordered deported from the United States to Mexico by an Immigration Judge and was physically removed to Mexico via the San Ysidro Port of Entry on November 01, 1996.

By signing the Visa application Defendant certified that he had read and understood all of the questions set forth in the Nonimmigrant Visa Application and the answers furnished on the form were true and correct. Defendant was subsequently issued Border Crossing Card (DSP-150 Non-Immigrant Visa) on July 21, 2003 for a period of 10 years.

On the basis of the facts presented in this statement of facts consisting of two pages, there is probable cause to believe that the Defendant did knowingly and willfully attempt to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Ysidro Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security having expressly consented to the Defendant's reapplication for admission into the United States in violation of Title 8, U.S.C., Section 1326: Attempted Re-entry After Deportation; and violation of Title 18, U.S.C., Section 1546, Fraud, Forgery, and Misuse of Visas, Permits, Immigration, and Other Documents when Defendant applied for a non immigrant Visa and knowingly made false statements in regard to a material fact; and Defendant subsequently used the Border Crossing Card (DSP-150 Non-Immigrant Visa) to apply for entry into the United States to facilitate a drug trafficking crime.